IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARVIS JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-250-ECM-SMD |
| | ) |
| DEP'T OF HUMAN RESOURCES, | ) |
| Child Support Enforcement Division, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Tarvis Jackson ("Plaintiff") filed a Complaint alleging that he was coerced into some type of contract related to his obligation to pay child support with a "IV-D agency" by one or more Defendants. *See generally* (Doc. 1). Contemporaneous with his Complaint, Plaintiff filed a Motion to Proceed *in forma Pauperis* (Doc. 2), which the undersigned granted. The undersigned stayed the case pending the Court's obligatory 28 U.S.C. § 1915(e) review. During review of Plaintiff's Complaint, the undersigned determined that the Complaint was deficient and ordered Plaintiff to amend. Plaintiff filed an Amendment to the Complaint (Doc. 9), which the undersigned will review in conjunction with the Complaint for purposes of § 1915 review.[1] *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th

---

[1] When the undersigned ordered Plaintiff to file an Amended Complaint, the undersigned warned Plaintiff that the Amended Complaint would be the only document that would be reviewed by the Court during § 1915 review. (Doc. 8) at 6. Plaintiff filed a document he titled "Amended Complaint"; however, the document did not list Defendants. Instead, the document merely listed "DEP'T OF HUNAN [sic] RESOURCES, Child Support Enforcement Division, et al." as Defendants in the case heading. (Doc. 9) at 1. Plaintiff's use of "et al." indicates that he intends to sue Defendants other than the Department of Human Resources and this interpretation comports with Plaintiff listing multiple Defendants in his Complaint. But

Cir. 2002) (applying § 1915(e) in non-prisoner action). The statute instructs the Court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiff's Complaint and Amendment, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

Construing the Complaint and Amendment liberally, it appears that Plaintiff is attempting to argue that he was coerced into a contract with the Department of Human Resources ("DHR") Child Support Enforcement Division to pay child support after he

---

Plaintiff's failure to list Defendants whom he intends to sue within the "Amended Complaint" prevents the undersigned from determining whether any claims have been stated against those Defendants within that document. However, because Plaintiff listed Defendants in the Complaint, the undersigned will treat Plaintiff's Amended Complaint as an Amendment to his Complaint instead of an Amended Complaint. This will afford *pro se* Plaintiff the most leeway as the undersigned will examine both the Complaint and its Amendment for purposes of § 1915 review.

appeared before a "IV-D franchise court." *See generally* (Docs. 1, 9). Plaintiff asserts that, although this IV-D franchise court "has no judicial powers," he appeared "in the Family Court in Montgomery County" because he feared that he would be arrested and would have a default judgment issued against him if he did not. (Doc. 9) at 1. Plaintiff asserts that he was "never informed that the participation in child support services is entirely voluntary and not mandatory" and that the IV-D franchise contract "intended to benefit the State Treasury and not individual needy families with children." *Id*. at 2. Because of Defendants' representations, Plaintiff alleges he "entere[ed] into a transaction without accurately realizing the risks, duties, and obligations incurred." *Id*.

Plaintiff claims that, as a result, his "person and credibility [have] been tarnished because the IV-D franchise reported past due payments to the credit bureau as well as had a warrant for [his] arrest appear on [his] background check which caused [him] to be overlooked for job opportunities." *Id*. at 3-4. He continues that he also suffered "from the IV-D franchise having [his] driver['s] license suspended for non[-]payment which caused [him] to not be able to travel freely in this country." *Id*. at 4. Therefore, Plaintiff claims he has suffered "from mental anguish and depression for several years[.]" *Id*.

In the way of relief, Plaintiff requests that the Court "enter judgment in [his] favor to terminate the current private for profit contractually enforced IV-D case effective immediately" and "enter a judgment in [his] favor for a full refund of all payments made, accompanied with the . . . 66 percent share of federal profits . . . [and] 34 percent share of federal profits at six percent interest for every year [he has] been subjected to these deprivation[s]." (Doc. 1) at 3-4. Plaintiff also asks that the Court "remove any and all

3

negative reportings to all credit bureaus affecting [his] private[,] personal[,] and professional credit reputation; enter judgment in [his] favor for a letter of apology from each wrongdoer; enter judgment in [his] favor for punitive damages for the deprivations and violations of [his] secured rights, privileges, and immunities in the amount of $1,000,000.00 against each wrongdoer[.]" *Id*. at 4.

Liberally construing Plaintiff's Complaint and Amendment, it appears that Plaintiff attempts to assert a constitutional due process claim and a state law claim for fraud.[2] Neither claim is viable.

I.   DISCUSSION

A. This Court Lacks Jurisdiction Over Plaintiff's Complaint and Amendment.

A complaint is "frivolous" under § 1915 where the court lacks subject matter jurisdiction over the matter. *Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking). Plaintiff asserts that the Court has federal question

---

[2] Plaintiff states that he is bringing claims under the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights. (Doc. 1) at 1-2. Nothing in the facts stated by Plaintiff remotely support a claim under the First, Fourth, Sixth, or Thirteenth Amendments. Plaintiff also states Defendants committed "intentional infliction of a bill of attainder, peonage, fraud, false advertising, fraud in the inducement, [and] compelled use of [his] SSN." Id. at 2. However, there is no claim for "intentional infliction of a bill of attainder," "peonage," or "compelled use of [a] SSN" under Alabama law.

4

jurisdiction over the Complaint.[3] (Doc. 1) at 2. However, for several reasons, this Court lacks federal question jurisdiction over the matters raised by Plaintiff.

### i. Plaintiff's Due Process Claim Is Barred by the *Rooker-Feldman* Doctrine.

Although Plaintiff couches his Complaint as a due process challenge, in reality, the Complaint and Amendment seek to challenge the validity of the child support agreement he entered into with the State of Alabama. Indeed, Plaintiff's request for relief is telling: he asks this Court to "enter judgment in [his] favor to terminate the current private for profit contractually enforced IV-D case" and to "refund . . . all payments made." (Doc. 1) at 3. Plaintiff's attempt to undo a state court judgment is barred by the *Rooker-Feldman* doctrine.[4]

---

[3] The undersigned also notes that diversity jurisdiction does not exist in this matter, as Plaintiff is a resident of Alabama who is suing various Alabama agencies and Alabama defendants. Therefore, if this Court has jurisdiction, it must be based upon federal question, as Plaintiff alleges.

[4] It does not appear that Plaintiff is alleging ongoing due process violations. However, to the extent that Plaintiff's Complaint and Amendment can be construed as attempting to state constitutional claims based upon an ongoing child support proceeding, those claims are barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 (1971). "The *Younger* doctrine bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Jackson v. Child Support*, 2018 WL 8754206, at * 2 (M.D. Fla. Dec. 5, 2018) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (internal citations omitted)); *See Pompey v. Broward Cty.*, 95 F.3d 1543, 1545 (11th Cir. 1996) (finding abstention was proper in a § 1983 action challenging the constitutionality of contempt hearings in child support enforcement proceedings on Sixth and Fourteenth Amendment grounds). The "ability to collect child support payments is an important state interest." *Adams v. State of Fla.*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (affirming the dismissal of a 42 U.S.C. § 1983 complaint seeking to enjoin a civil contempt finding in child support enforcement case under the *Younger* doctrine). Plaintiff has not shown that he is prevented from raising a constitutional challenge in state court. *See Cormier v. Green*, 141 F. App'x 808, 813-14 (11th Cir. 2005) (stating that plaintiff had the burden of showing that the state proceedings did not provide an adequate remedy for his federal claims). Therefore, any challenge to an ongoing child support enforcement action is barred by the *Younger* abstention doctrine and must be dismissed.

The *Rooker-Feldman* doctrine provides that no federal court, other than the United States Supreme Court, has the authority to review final judgments of state courts. *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc). The doctrine extends to constitutional claims presented or adjudicated by a state court or claims that are "inextricably intertwined" with a state court judgment. *Id.* "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.*

Here, Plaintiff's due process claim is inextricably intertwined with the state court judgment regarding child support and is thereby prohibited from being adjudicated in this Court. Specifically, Plaintiff challenges the due process he received before entering a contract with the IV-D agency regarding his child support obligation. *See generally* (Docs. 1, 9). Succeeding on such a due process challenge would require this Court to deem unconstitutional the State court's procedure and authorization to use a IV-D agency to enforce child support obligations. *See Brown v. Coffin*, 766 F. App'x 929, 932 (11th Cir. 2019) ("Succeeding on these federal claims [including the process the plaintiff was afforded] would effectively nullify the state court judgment . . . because it would require the federal court to deem the state court's authorization to use 'additional remedies to enforce the arrearage' unconstitutional."). Thus, Plaintiff's due process claim succeeds only to the extent the state court wrongly decided the issues before it—making it inextricably intertwined with the State court judgment. Therefore, Plaintiff's due process

6

claim is barred by the *Rooker-Feldman* doctrine.[5] *See id.* (finding that the plaintiff's federal claims that the Florida Department of Revenue and its Director violated his constitutional rights by obtaining orders to garnish his tax return and suspend his driver's license, pursuant to the child support order, are inextricably intertwined with the state court judgment); *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) (holding that "no federal subject matter jurisdiction existed . . . [because, in] effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights"); *Burns v. Branham*, 2009 WL 113454, at *1-2 (S.D. Ga. Jan. 16, 2009) (holding that the *Rooker-Feldman* doctrine stripped the court of subject matter jurisdiction over a *pro se* litigant's complaint seeking to have a federal district court modify a state court child support order).

### ii. Plaintiff's Due Process Claim Is Time Barred.

Even if Plaintiff's due process claim is not prohibited by the *Rooker-Feldman* doctrine, this Court lacks jurisdiction over that claim because it is time barred.

Twenty-eight U.S.C. § 1983, the statute under which constitutional claims are asserted, does not contain a statute of limitations. Therefore, the Court must look to state law for the appropriate statute of limitations period. *Rubin v. O'Koren,* 644 F.2d 1023, 1024 (5th Cir. 1981) (citing *Ehlers v. City of Decatur,* 614 F.2d 54, 55 (5th Cir. 1980); *Prince v. Wallace,* 568 F.2d 1176 (5th Cir. 1978)). In this case, Alabama law is the applicable law. Under Alabama law, the appropriate statute of limitations for a 28 U.S.C.

---

[5] To the extent Plaintiff believes that state-court orders were delivered without authority, he must seek a remedy in state court.

§ 1983 claim—the vehicle by which a constitutional due process challenge is asserted—is two years. *See Diamond v. Mobile Alumni Chapter of Kappa Alpha Psi*, 2020 WL 1496025, at *2 (S.D. Ala. March 2, 2020). Importantly, "a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiff[ ] know[s] or should know (1) that [he has] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury.'" *Smith v. Shorstein,* 217 F. App'x 877, 881 (11th Cir. 2007) (quoting *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003)); *see McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008) ("'[T]he statute of limitations does not begin to run until the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'").

Plaintiff alleges that his rights were violated in June 2009, which appears to be the time Plaintiff entered into the contract with the IV-D agency. (Doc. 1) at 1. The allegations in Plaintiff's Complaint and Amendment show that Plaintiff knew—or, at the very least, should have known—of his alleged injury at that time. Indeed, Plaintiff states that he "was coerced into this contract by abuse of power, threat of contempt of court, as well as threats of a default judgement [sic] against [him] regardless of the facts and evidence [he] could show that proved there was no need for the IV-D agency to get involved in [his] private matters." (Doc. 1) at 1. Plaintiff also alleges that, after receiving a "threatening letter" he appeared in Montgomery County Family Court "out of fear of being arrested." (Doc. 9) at 1. Plaintiff asserts that he "was never informed that the participation in child support services is entirely voluntary and not mandatory." *Id*. at 2. There can be no question, then, that Plaintiff was aware of the actions taken by Defendants in or around June 2009. Plaintiff

8

also makes clear that he felt compelled to enter the contract because of Defendants' actions. Therefore, Plaintiff knew of his injury (i.e., the threatening and coercive behavior of Defendants) at the time he entered the contract and he knew who inflicted that injury. Accordingly, the claim accrued at that time and the statute of limitations began to run on Plaintiff's constitutional claims in June 2009.

Plaintiff was required to file his due process challenge no later than June 2011. He did not, waiting to file suit until 2019. Accordingly, Plaintiff's due process claim should be dismissed as time barred.[6]

### iii. Plaintiff's Claims for Money Damages Against the DHR's Child Support Division Are Barred by the Eleventh Amendment.

Assuming *arguendo* that Plaintiff's due process claim is not barred as set forth above, the Eleventh Amendment bars Plaintiff's suit for monetary damages against DHR and its subsidiaries. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against DHR's Child Support Division as a state agency in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Harden v.*

---

[6] Further, Plaintiff's due process claim cannot be tolled even if Plaintiff was unaware of the law or his legal rights to not enter the contract with the IV-D agency. Courts have made clear that a *pro se* plaintiff's ignorance of the law is insufficient to toll the statute of limitations. *See, e.g.*, *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board,* 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

*Adams*, 760 F.2d 1158, 1163-64 (11th Cir. 1985). As a result, Plaintiff's claims for monetary damages against DHR's Child Support Division are essentially claims against the State of Alabama or one of its agencies, and as such, they barred by the Eleventh Amendment. *See, e.g.*, *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 834-35 (11th Cir. 2007) (affirming dismissal of claims against ADHR based on Eleventh Amendment immunity); *Zeigler v. Ala. Dep't of Human Res.*, 710 F. Supp. 2d 1229, 1249-50 (M.D. Ala. 2010) (dismissing claims against ADHR based on Eleventh Amendment immunity). Accordingly, all claims against DHR and its subsidiaries for money damages must be dismissed.[7]

### iv. Plaintiff's State Law Claims Should Be Dismissed.

Because the Court lacks federal question jurisdiction over Plaintiff's Complaint, any remaining state law claims should be dismissed.

### B. Plaintiff's Complaint and Amendment Fail to State a Claim for Which Relief May Be Granted.

Alternatively, if this Court were to determine that it has subject matter jurisdiction over Plaintiff's Complaint and Amendment, Plaintiff's Complaint should be dismissed because it fails to state a claim for which relief may be granted.

---

[7] Other than monetary relief, Plaintiff seeks the following: (1) removal of any and all negative reportings to all credit bureaus affecting his personal, private, and professional credit reputation; and (2) a letter of apology from each wrongdoer. (Doc. 1) at 2. Neither form of relief is available to Plaintiff. *See Lacayo v. Dimiceli*, 2009 WL 331452, at *3 (E.D. La. Feb.10, 2009) (noting a federal court cannot order that the plaintiff be given a formal apology); *Jones v. Buckner*, 963 F. Supp. 2d 1267, 1286-87 (N.D. Ala. Aug. 9, 2013) (finding that the plaintiff's requested relief to compel the defendants to contact credit agencies to cure his erroneous credit reports was not viable injunctive relief because the plaintiff could request removal of incorrect information on his credit report by contacting the credit reporting agency or bureau that issued the credit report and that, should the credit reporting agency or bureau fail to correct the report, a private cause of action was available under the FCRA).

10

Plaintiff's Complaint and Amendment do not meet the pleading standard applicable to civil complaints in federal court. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's Complaint and Amendment "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are '"'merely consistent with" a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's Complaint and Amendment do not satisfy the minimum pleading requirements under the Federal Rules. Plaintiff's form Complaint names the following Defendants: Department of Human Resources, Child Support Enforcement Division; Nancy Buckner, Commissioner; Montgomery County DHR, Child Support Enforcement Division; Sherika Burkloyd; Family Court Fifteenth Judicial Circuit; Judge Anita Kelly; Tiffany McCord; Thomas Fields; and Derrick Cunningham. (Doc. 1) at 1-2. However, other than simply listing the names of Defendants in the Complaint, Plaintiff never references any specific actions they took that caused his harm. *See generally id.* (noting that the body of the Complaint does not mention Defendants Nancy Buckner, Sherika Burkloyd, Judge Anita Kelly, Tiffany McCord, Thomas Fields, or Derrick Cunningham).

The undersigned advised Plaintiff that his Complaint lacked "sufficient factual fodder for the undersigned to determine how Plaintiff was harmed, what misconduct occurred, or why each Defendant is liable." (Doc. 8) at 4. The undersigned afforded Plaintiff the opportunity to amend his Complaint to set forth the actions (or inactions) of Defendants and directed Plaintiff to inform the Court whether he intended to sue the individual Defendants in their individual or official capacities. *Id.* at 5. Plaintiff's Amendment to the Complaint does not cure either deficiency. *See* (Doc. 9). Indeed, like the Complaint, the body of the Amendment does not reference any individual Defendant nor does it indicate if Plaintiff is suing those individual Defendants in their official or individual capacities. Also like the Complaint, the Amendment fails to set forth any specific actions taken by DHR's Child Support Enforcement Division, Montgomery County DHR Child Support Division, Montgomery County DHR Child Support

Enforcement Division, or the Fifteenth Judicial Circuit Family Court. Therefore, the undersigned remains unable to determine how each Defendant is related to any of the claims asserted by Plaintiff. As such, the Complaint and Amendment do not satisfy the federal pleading requirements and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned that Plaintiff's Complaint and Amendment thereto be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 30, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 16th day of June, 2020.

                                        /s/ Stephen M. Doyle
                                        UNITED STATES MAGISTRATE JUDGE